[Cite as *In re E.C.*, 2013-Ohio-2584.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| E. C. | Case No. CT2012-0048 |
| AN ALLEGED DEPENDENT<br>CHILD | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Juvenile Division, Case No. 2122-
0047

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:        June 20, 2013

APPEARANCES:

For Appellee                                 For Appellant

D. MICHAEL MADDOX                   BRIAN BENBOW
PROSECUTING ATTORNEY            BENBOW LAW OFFICES
ERIN WELCH                                  605 Market Street
ASSISTANT PROSECUTOR           Zanesville, Ohio  43701
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43702-0189

*Wise, J.*

{¶1}    Appellant E.C., an alleged delinquent child, appeals his adjudication and disposition on a felony obstructing official business charge, entered in the Muskingum County Court of Common Pleas, Juvenile Division.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}    At approximately 7:30 a.m. on January 13, 2012, Sherriff's Deputies went to the home of juvenile E.C. for the purpose of arresting him on an outstanding warrant. (T. at 9-10, 16).  When they arrived, they found E.C. asleep in his bed.  According to the deputies, they woke him up and informed him that they were there to arrest him. (T. at 15).  They gave E.C. an opportunity to get dressed but instead, he ran out of the house, without any pants or shoes. (T. at 13-14). Officers described the conditions outside as freezing temperatures, with snow and ice. (T. at 16). Both officers chased after E.C. E.C. fell after he either slipped on the ice or stepped in a frozen puddle. He cut his foot in the fall, which required that he be transported to the Emergency Room where he was treated and received ten stitches. (T. at 47, 97). When the officers caught up to E.C. he said "I give, I give." E.C. and the officers testified that they believed the run to be 400 yards. (T. at 99).

{¶3}    Deputy Merry also fell down on the ice. He gave sworn testimony that he fell onto his knees and stomach and described both of his knees as having swelling and lacerations on his left knee from the fall. (T. at 46). He treated his injuries medically with ice, ointment and bandages. (T. at 47). He further testified that he experienced pain on a regular basis for approximately one week and could still feel the deep bruising and soreness in his knees two weeks after. (T. at 50-51). Photographs were offered by the

State and entered into evidence, documenting the Deputy's injuries. (T. at 57). These photographs showed swelling and lacerations to the left knee. (T. at 58).

**{¶4}** On January 19, 2012, as a result of the above events, E.C. was charged, in Case No. 2122-0047, as being a delinquent child by one count of obstructing official business, a fifth degree felony, in violation of R.C. §2921.31(A) and one count of resisting arrest, a first degree misdemeanor, in violation of R.C. §2921.33(B).

**{¶5}** On March 22, 2012, this matter proceeded to a hearing before a Magistrate on the counts contained in Case No. 2122-0047.

**{¶6}** At the Dispositional hearing, sworn testimony was taken from E.C.'s probation officer stating he has had E.C. on probation for "at least a year." (T. at 118). He described E.C.'s compliance with probation rules "sporadic" at best, and explained that he requested a warrant for E.C's failure to report on December 1, 2011. (T. at 119). The probation officer testified E.C. had tested positive for drugs, had been through a drug treatment program, that this was the second time he had run, and stated E.C. was age 17 at the time of trial. (T. at 125).

**{¶7}** At the conclusion of the trial, following testimony and argument, the Magistrate issued an oral Decision from the bench finding Appellant to be a delinquent child by violation of R.C. §2921.31(A), a felony of the fifth degree, when committed by an adult.

**{¶8}** E.C., however, argued that the offenses of obstructing official business and resisting arrest were allied offenses of similar import. (T. at 111). The Magistrate agreed with the Juvenile in that the offenses were allied offenses of similar import, finding that double jeopardy barred adjudication on both counts. (T. at 114). The State

then orally dismissed the counts contained in Cases 2112-0755 and 2112-0803 after the Magistrate's oral decision. (T. at 116-117).

{¶9}   The Magistrate proceeded forward only on the felony obstructing official business disposition, Case No 2122-0047, which was taken under advisement after brief testimony.

{¶10} On March 26, 2012, the Magistrate issued a written Magistrate's Decision on both the adjudication and the disposition. The Juvenile's Disposition was as follows:

{¶11} 1.  A suspended commitment to the Ohio Department of Youth Services for six months to age twenty-one with credit for time served in detention since January 13, 2012;

{¶12} 2. A ninety day detention sentence, with credit for time served in detention since January 13, 2012, to be released on April 11, 2012, after 5:00p.m.;

{¶13} 3. Continue in his Mother's custody;

{¶14} 4. Continued community control on a new high probation, standard conditions;

{¶15} 5. Successfully complete any substance abuse counseling arranged by his mother, including any residential treatment at Bassett House, or otherwise;

{¶16} 6. Complete a letter of apology to Deputy Jonathan Merry within thirty days;

{¶17} 7. Court Costs;

{¶18} 8. Continued driver's license suspension pending completion of all Court orders or age twenty-one, including a good substance abuse report.

**{¶19}** On March 27, 2012, the trial court adopted the Magistrate's March 26, 2012, Disposition.

**{¶20}** The Juvenile filed timely objections to the Magistrate's Decision on April 6, 2012, which timeliness the trial court acknowledged in its April 10, 2012, Judgment Entry.

**{¶21}** On April 6, 2012, the Juvenile filed a written request for the transcript, which was filed in the trial court on May 14, 2012.

**{¶22}** The Juvenile timely appealed Case No. 2122-0047 on April 27, 2012, in Case No. CT2012-0024.

**{¶23}** The trial court granted a stay of the March 27, 2012, and April 10, 2012, Judgment Entries on May 14, 2012, pending appeal in Case No. CT2012-0024.

**{¶24}** The trial court failed to include the April 19, 2012, Judgment in the Entry staying the matter for purposes of appeal.

**{¶25}** On August 13, 2012, the Juvenile's Probation Officer filed a probation violation against the Juvenile in Case No. 2122-0512 for an alleged curfew violation on August 10, 2012, a time during the trial court's May 14, 2012, Stay.

**{¶26}** The Probation Officer filed a new complaint alleging a probation violation instead of filing a motion within the case where the Juvenile would be facing the probation revocation sanction.

**{¶27}** On October 5, 2012, the Magistrate detained the Juvenile on the probation violation charge. The Juvenile has been detained ever since October 5, 2012.

**{¶28}** This Court on September 12, 2012 in Case No. CT2012-0024 dismissed the Juvenile's Appeal under Civ.R. 53(D)(4).

{¶29} The Juvenile filed Supplemental Objections on October 1, 2012.

{¶30} The April 6, 2012 Automatic Stay remained in effect until the trial court overruled said objections on October 16, 2012.

{¶31} The Juvenile timely appealed the trial court's October 16, 2012, Judgment Entry.

{¶32} The Juvenile moved the trial court for a stay pending appeal. The trial court denied the stay. This Court denied a renewed Motion to Stay on December 13, 2012.

{¶33} Appellant now raises the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

{¶34} "I. THE TRIAL COURT'S OCTOBER 16, 2012 JUDGMENT ENTRY THAT ADOPTED THE MAGISTRATE'S MARCH 26, 2012 DECISION IS AGAINST BOTH THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE. BY ADJUDICATING APPELLANT OF THE FELONY ENHANCEMENT, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR.

{¶35} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WITH REGARD TO DISPOSITION IN NOT DISMISSING THE FELONY CHARGE IN THE BEST INTEREST OF THE CHILD."

I.

{¶36} Appellant argues the trial court's decision is against the manifest weight and sufficiency of the evidence.   We disagree.

{¶37} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E.*

*Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶38} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 1997–Ohio–52, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶39} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶40} In this case, the juvenile was charged with felony Obstructing Official Business, pursuant to R.C. §2921.31, which provides:

{¶41} "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

**{¶42}** "(B) Whoever violates this section is guilty of obstructing official business. Except as otherwise provided in this division, obstructing official business is a misdemeanor of the second degree. If a violation of this section creates a risk of physical harm to any person, obstructing official business is a felony of the fifth degree."

**{¶43}** Upon review, this Court finds that there was sufficient evidence for the trial court to find Appellant guilty of obstructing official business. Testimony was presented that upon being awoken and informed that he was being placed under arrest, Appellant immediately fled from the officers, out of the house and into the snowy, icy street. When Appellant ran, he prevented the officers from arresting him, effectively "hamper[ing] or imped[ing] a public official in the performance of the public official's [.]" R.C. 2921.31(A).

**{¶44}** The record also indicates that when Appellant was attempting to flee he caused a "risk of physical harm" to Deputy Merry. R.C. 2921.31(B). That is, when Deputy Merry slipped on the ice and fell to the ground as he was attempting to capture and restrain Appellant, there was a significant possibility that any of the deputies could have suffered physical harm that could result in pain. In fact, Deputy Merry testified that as a result of his fall, he injured both of his knees, with swelling and lacerations on his left knee. (T. at 46). He stated that he treated his injuries with ice, ointment and bandages. (T. at 47). He further testified that he experienced deep bruising, pain and soreness in his knees for two weeks after the fall. (T. at 50-51).

**{¶45}** Further, Appellant caused a "risk of physical harm" to himself as well. As a result of his own actions, Appellant slipped and fell, cutting his foot and requiring that he be transported to the emergency room where he received ten (10) stitches. (T. at 97).

**{¶46}** In sum, this Court finds that there was more than enough evidence for the trial court to find Appellant was guilty of obstructing official business. We find that the trial court's judgment that Appellant is a delinquent child based on acts which, if committed by an adult, would constitute obstructing official business, is not against the sufficiency or manifest weight of the evidence.

**{¶47}** Appellant's First Assignment of Error is not well taken.

II.

**{¶48}** In the Second Assignment of Error, Appellant argues that the trial court erred in not dismissing the felony charge in the best interest of the child. We disagree.

**{¶49}** Appellant herein argues that the felony adjudication in this matter is not in the best interest of the juvenile as such finding "will prevent the Juvenile from gaining employment, entering the military and having a productive adulthood." (Appellant's Brief at 16).

**{¶50}** While these sweeping generalizations may or may not be true as to the effect of this felony disposition on the juvenile's future, we find that the trial court acted within its authority pursuant to R.C. §2152.19(A). Further, the trial court in this matter suspended the D.Y.S. commitment sentence to allow the Juvenile the opportunity to remain under community control.

{¶51} Appellant's Second Assignment of Error is overruled.

{¶52} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.


_____

_____

_____

                                          JUDGES

JWW/d 0611

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:                         :
                                          :
                                          :
        E. C.                             :               JUDGMENT ENTRY
                                          :
                                          :
AN ALLEGED DEPENDENT CHILD  :               Case No. CT2012-0048

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.

_____

_____

_____

                                        JUDGES